THE STATE, EX REL. COWEN, STATE HIGHWAY COMMISSIONER, *v.* ROBINS & MCDANIEL ET AL.

*Assignment — Balance due contractor to be paid materialman — Agreement not unconditional assignment, when — Workmen's compensation — Lien of judgment for award by industrial commission — Priorities — Section 1465-77, General Code.*

1. An agreement whereby a firm of contractors pledged to a company from which they were receiving material, for the purpose of guaranteeing payment for said material, the sum of $2,000 then due under the contract and any further sums to become due on account of material so received, does not constitute a valid assignment of the full amount called for under the contract, where the full amount was largely in excess of the sum then due and the amount which would become due for the material in the future was uncertain, as was also the amount which would become due to the contractors, because of the fact that they might not complete the work, and there was an express provision that the balance over was to be paid to the contractors and the checks to be sent to the pledgee were to be made out to the contractors and endorsed over by them.

2. No valid assignment having been made of the whole amount to become due under the contract, it follows that the lien of a judgment of an injured employe, which by provision of the Workmen's Compensation Act covers all the assets of his employers, is prior to that of the company which furnished the material.

3. Whether a party who secures the assignment of the proceeds of an improvement contract takes it subject to the provisions of the Workmen's Compensation Act: *Quere.*

(Decided December 10, 1918.)

APPEAL: Court of Appeals for Franklin county.

*Mr. W. L. Connors; Mr. Frank Davis, Jr.,* and *Mr. James I. Boulger,* for Albertus B. Swank.

*Messrs. Carey & Hall* and *Mr. C. H. Duncan,* for The National Quarries Co.

KUNKLE, J.　In brief it appears from the record that in July, 1916, Albertus B. Swank was in the employ of Robins & McDaniel, a partnership, and received serious personal injuries in the course of his employment; that Robins & McDaniel were employers of more than five workmen and failed to comply with the provisions of the Workmen's Compensation Act.

An application was made by said Swank to the Industrial Commission for an award under Section 27 of the Workmen's Compensation Act (Section 1465-74, General Code), which provides that when the employer is not directly or indirectly insured in the state fund his employe may elect to proceed before the commission for the allowance of compensation.

In October, 1916, the Industrial Commission made an allowance in favor of said Swank in the sum of $444, as part compensation, and continued the cause for further investigation.

On April 3, 1917, the Industrial Commission made a final award to said Swank in the sum of $12,829.53.

Robins & McDaniel failed to comply with such award, suit was brought in the court of common pleas of Clark county, where the defendants reside, and in October, 1917, judgment was rendered in such court against Robins & McDaniel and in favor of said Swank for the amount of said award, which judgment is still unpaid.

On April 2, 1915, Robins & McDaniel entered into a contract with the state for the improvement of the Springfield and Washington Court House road.

On February 9, 1916, Robins & McDaniel entered into a contract with The National Quarries Company by which they pledged some $2,000, due them on their contract with the state, and also pledged any further sums to become due them on said contract, for the purpose of protecting and guaranteeing payment to The National Quarries Company for an existing indebtedness of $4,733.13 for crushed stone used on said improvement.

The contract further provided that all subsequent checks due Robins & McDaniel from the State Highway Department upon said contract should be sent to The National Quarries Company at Carey, Ohio; that said Robins & McDaniel were to enclose all such checks to said Quarries Company, and that the Quarries Company was to retain such portion of the amount of such checks as would pay for any stone furnished in the future on said improvement, and the excess was to be paid to Robins & McDaniel.

It was further provided that upon the final completion of the work the check or checks issued for the retained percentage should be sent to the Quarries Company, and should be endorsed by the said Robins & McDaniel and applied on the indebtedness of the Quarries Company, the balance, if any, to be paid to Robins & McDaniel.

It was also agreed that the Quarries Company should be authorized to indorse the name of Robins & McDaniel upon any and all checks sent to the Quarries Company under the provisions of said contract.

On the same day, viz., February 9, 1916, Robins & McDaniel wrote Clinton Cowen, the State Highway Commissioner, a letter, of which the following is a copy:

*"Springfield, Ohio, Feb. 9, 1916.*

"CLINTON COWEN, *State Highway Commissioner, Columbus, Ohio.*

"DEAR SIR:

"On and after this date please send all of our checks for work done on the Springfield-Washington C. H. Road to The National Quarries Company of Carey, Ohio, and oblige,

"Yours very truly,
"ROBINS & McDANIEL,
"JAMES C. ROBINS,
"FRANK E. McDANIEL."

On February 28th, a letter, of which the following is a copy, was sent to Robins & McDaniel by the State Highway Commissioner, viz.:

"*February 28, 1916.*

"ROBINS & MCDANIEL,

"*Springfield, Ohio.*

"GENTLEMEN:

"Replying to your favor of recent date will say that in the future all estimates on the Springfield-Washington C. H. Road will be mailed to The National Quarries Company at Carey, Ohio, as requested. The warrants will be made payable to you, but sent to them.

"Your very truly,

"CLINTON COWEN,

"*State Highway Commissioner.*"

Subsequent to this, in answer to an inquiry of The National Quarries Company as to when further payment would be made, the State Highway Commissioner referred to the contract aforesaid as "your assignment."

The original contract price for the construction of said highway by said Robins & McDaniel was $23,966. Prior to September 12, 1916, there was paid to said Robins & McDaniel on said contract the sum of $11,133.51, all of which was paid prior to February 9, 1916, leaving unpaid on the entire contract price the sum of $12,832.49.

On September 12, 1916, the State Highway Commissioner removed said Robins & McDaniel from the work of constructing said highway, and completed the same by force account, as provided in Section 1209, General Code, and expended in completing said work a total sum of $7,130.60.

After the payment of all bills there remained in the hands of the state the sum of $5,701.89.

The National Quarries Company claims this sum under its alleged assignment, and Albertus B. Swank claims the fund under Section 30 of the Workmen's Compensation Act (Section 1465-77, General Code), which provides:

"All judgments obtained in any action prosecuted by the board or by the state under the authority of this act  *  *  *  shall have the same preference against the assets of the employer as is now or may hereafter be allowed by law on judgments rendered for claims for taxes."

The highway commissioner has paid this money into court for the purpose of having the same turned over to the party entitled thereto.

The common pleas court found in favor of The National Quarries Company and ordered the said money, less the court costs, turned over to said The National Quarries Company.

From such judgment Albertus B. Swank appeals to this court.

Under Section 30 of the Workmen's Compensation Act said Albertus B. Swank has a prior lien upon all the assets of his employer.

It is contended, however, by The National Quarries Company that the agreement of February 9, 1916, together with the letter of the State Highway Commissioner dated February 28, 1916, constitute a valid assignment of the amount due Robins & McDaniel on said contract, and that said sum formed no part of the assets of Robins & McDaniel at the time the accident occurred to said Swank, viz., July 8, 1916, or at the time the award in his favor was made by the Industrial Commis-

sion and the judgment rendered on such award by the court of common pleas of Clark county.

Albertus B. Swank, on the contrary, claims that there was no valid assignment of said fund, and that his claim to priority under the statute is superior to the claim of The National Quarries Company.

This case presents a very interesting question and counsel have greatly assisted the court by their helpful briefs. Many cases of a somewhat similar nature have been cited by counsel on both sides.

While we have carefully considered such cases, we will not attempt to review the same in detail.

Upon a consideration of the authorities, when applied to the facts in the case at bar, we are inclined to the opinion that The National Quarries Company did not have a valid and legal assignment of the entire amount due Robins & McDaniel upon said contract, and that there was no such acceptance on the part of the State Highway Commissioner as would give The National Quarries Company the absolute right to the fund in controversy.

Among other things, it appears that at the time of the alleged assignment there was unpaid on the contract price the sum of $12,832.49, and the amount actually due The National Quarries Company from Robins & McDaniel was $4,733.13.

The amount which might finally become due Robins & McDaniel upon said contract was uncertain because of the possibility that the said work might not be completed by them; and the amount of the future indebtedness to The National Quarries Company for stone to be furnished was also indefinite.

The agreement between Robins & McDaniel and The National Quarries Company shows that Robins & McDaniel did not intend to transfer to The National Quarries Company more than was sufficient to secure them for such material as they might furnish, and it was expressly provided that the balance, if any, was to be paid to Robins & McDaniel.

In addition, the contract does not provide that the future estimates or checks should be made payable to The National Quarries Company, but, on the contrary, provides that the future checks should be made payable to Robins & McDaniel, and that said Robins & McDaniel should indorse the same from time to time, either personally or through the agency of The National Quarries Company.

This feature is also evidenced by the letter of the State Highway Commissioner to the effect that warrants would be made payable to Robins & McDaniel, but would be mailed to The National Quarries Company.

We think these documents, in connection with the circumstances, and the nature of the contract, show that it was not the intention of the parties to make an unconditional assignment of the entire fund nor of any definite and specified portion thereof.

We think the weight of authority is to the effect that an agreement of this kind will not constitute a valid assignment without an unqualified acceptance thereof, and it appears in the case at bar that no such unqualified acceptance was given by the State Highway Commissioner.

The acceptance of the State Highway Commissioner expressly recognized the legal right of Robins & McDaniel to the warrants in question. The mere delivery to The National Quarries Company of such warrants, which are made payable to Robins & McDaniel, would not extinguish the title of Robins & McDaniel therein, nor would it confer upon The National Quarries Company the legal title thereto. There was still required the additional act of securing the endorsement of Robins & McDaniel, "either personally or through an agent," before the title to such warrants could be legally transferred to The National Quarries Company.

It is contended by counsel for The National Quarries Company that the provision in the agreement by which The National Quarries Company was authorized to endorse the warrants from time to time is equivalent to a full extinguishment of the legal title of Robins & McDaniel in such warrants.

Taking into consideration the entire contract and the nature of the transaction, we do not think such provision in the contract would amount to a total extinction of the legal title of Robins & McDaniel in such warrants. In any event, such provision was not binding upon the State Highway Commissioner and formed no part of his alleged acceptance.

It is claimed by counsel for Albertus B. Swank in a supplemental memorandum that the principle involved in the case of *Brown, Admr., v. Winterbottom et al.,* 98 Ohio St., 127, sustains the doctrine that a party securing an assignment of the proceeds of an improvement contract, similar to

the one in question, takes the same subject to the provisions of the Workmen's Compensation Act and the possible lien therein provided in favor of injured employes.

This suggestion presents an interesting question, but in view of our conclusion as to the validity of the alleged assignment we do not find it necessary to express an opinion thereon.

The said fund, subject to the payment of the court costs, will be awarded to the said Albertus B. Swank.

*Judgment accordingly.*

ALLREAD and FERNEDING, JJ., concur.